UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ORION INSURANCE GROUP, a Washington Corporation; RALPH G. TAYLOR, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>WASHINGTON STATE OFFICE OF MINORITY & WOMEN'S BUSINESS ENTERPRISES and EDWINA MARTIN-ARNOLD, DEBBIE MCVICKER, PAMELA SMITH, SARAH ERDMANN, and STACEY SAUNDERS, individuals, and UNITED STATES DEPARTMENT OF TRANSPORTATION, and, STEPHANIE JONES, an individual.<br><br>    Defendants | No.<br><br>PLAINTIFF'S COMPLAINT |

Plaintiffs Orion Insurance Group and Ralph Taylor, upon information and belief, make the following allegations against Washington State's Office of Minority & Women's Business Enterprises, and individuals Edwina Martin-Arnold, Debbie McVicker, Pamela Smith, Sarah Erdmann, and Stacey Saunders, and the United States Department of Transportation, and individual Stephanie Jones.

PLAINTIFF'S COMPLAINT - 1
5828502.doc

## I. PARTIES

1. Orion Insurance Group ("Orion") is a Washington Corporation doing business in Washington State.

2. Ralph Taylor is the owner of Orion and a resident of Washington State.

3. Washington State Office of Minority & Woman's Business Enterprises ("OMWBE") is a government entity residing in Olympia, Washington.

4. The United States Department of Transportation ("USDOT") is a federal government entity residing in the District of Columbia.

5. Upon information and belief, Edwina Martin-Arnold, Debbie McVicker, Pamela Smith, Sarah Erdmann, and Stacey Saunders (collectively "OMWBE's Representatives") are, or were at all relevant times, OMWBE employees.

6. Upon information and belief, Stephanie Jones is the Acting Director of USDOT's Departmental Office of Civil Rights.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1346 (United States as a defendant). This action arises under the Fourteenth and Fifth Amendments to the United States Constitution, and under federal Laws, 5 U.S.C. §§ 702, 706 and 42 U.S.C. §§ 1983, 2000d.

6. Venue is proper under 28 U.S.C. §§ 1391(b)(2)-(3).

## III. FACTS

**A. Washington's Office of Minority & Women's Business Enterprises certified Mr. Taylor as a minority business owner under Title 326 of Washington's Administrative Code**

7. Ralph G. Taylor is the principal and owner of Orion.

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

8. In April 2013, Mr. Taylor submitted an application to OMWBE seeking to have Orion certified as a minority business enterprise (MBE) under Washington Administrative Code (WAC) 326.

9. In the application, Mr. Taylor identified himself as "Black" as defined by WAC 326-02-030(22)(a), and submitted documentation substantiating his racial status.

10. Under WAC 326-20-048, OMWBE presumes that African Americans, Native Americans, and other minorities found to be disadvantaged by the MBE program are socially and economically disadvantaged individuals.

11. OMWBE assigned Ms. Martin-Arnold to review and evaluate Orion's MBE application.

12. In May 2013, Ms. Martin-Arnold advised Mr. Taylor that, for OMWBE to continue processing Orion's application, within ten days he must provide: (1) additional information documenting his ethnicity; (2) narrative and documentation regarding the cultural community he considered himself a part of and how he held himself out in that community; (3) narrative and documentation regarding how his cultural community viewed him; and (4) narrative regarding how he individually experienced social and economic disadvantage.

13. Mr. Taylor timely provided OMWBE and OMWBE's Representatives the narratives it requested.

14. In June 2013, OMWBE and OMWBE's Representatives determined that Orion did not qualify as an MBE, finding that Mr. Taylor provided insufficient documentation to prove he was a minority as defined by WAC 326.

15. In doing so, OMWBE and OMWBE's Representatives concluded that Mr. Taylor's percentage of African ancestry was too low for him to be a member of the Black racial groups of Africa.

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

16. Mr. Taylor appealed OMWBE and OMWBE's Representatives' denial of Orion's MBE application.

17. In March 2014, before Orion's appeal could be heard, OMWBE and OMWBE's Representatives voluntarily reversed their decision and certified Orion as an MBE, acknowledging through this certification that Mr. Taylor is a socially and economically disadvantaged person of color that runs a minority business enterprise.

**B. Using the same evidence, and based on almost the same test, OMWBE and OMWBE's Representatives, who had found Mr. Taylor to be a economically and socially disadvantaged minority, rejected his application to be certified under 49 C.F.R. § 26, finding that he was not black enough or Native American enough to be considered a minority.**

18. OMWBE and OMWBE's Representatives act as an agent for the United States Department of Transportation (USDOT) and federal government by also accepting and determining applications for the parallel federal designation for disadvantaged business enterprise (DBE) certification under 49 C.F.R. § 26.

19. Upon information and belief, OMWBE and OMWBE's Representatives evaluate DBE certification applications through the Washington Unified Certification Program.

20. Firms that are at least fifty-one percent owned and controlled by "socially and economically disadvantaged" individuals are eligible for DBE certification.

21. After OMWBE and OMWBE's Representatives certified Orion as a socially and economically disadvantaged MBE in March 2014, Mr. Taylor submitted to OMWBE and OMWBE's Representatives Orion's application for DBE certification under 49 C.F.R. § 26.

22. Under 49 C.F.R. § 26.67, an entity reviewing a DBE certification application must rebuttably presume that members of certain minority groups, including Black Americans, Hispanic Americans, Native Americans, Asian-Pacific Americans, and Subcontinent Asian Americans are socially and economically disadvantaged.

PLAINTIFF'S COMPLAINT - 4
5828502.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

23. Notably, 49 C.F.R. § 26.67 requires this rebuttable presumption of social and economic disadvantage for certain minority groups despite the fact that United States Census data shows that many ethnicities within those groups have significantly higher median household incomes than do white Americans.

24. To obtain the benefit of this rebuttable presumption, individuals must submit a signed, notarized statement that they are a member of a group identified in 49 C.F.R. § 26.67.

25. At the time of Orion's application, 49 C.F.R. § 26.5 defined Black Americans as those "persons having origins in any of the Black racial groups of Africa."

26. This definition is identical to the definition of Black included in WAC 326, the regulation under which OMWBE and OMWBE's Representatives already certified Orion as an MBE.

27. At the time of Orion's application, 49 C.F.R. § 26.5 defined Native Americans as those "persons who are American Indians, Eskimos, Aleuts, or Native Hawaiians."

28. In accordance with the definitions set forth in 49 C.F.R. § 26.5, Mr. Taylor identified himself as a Black American and Native American in the Affidavit of Certification he submitted with Orion's DBE application.

29. Under 49 C.F.R. § 26.63, an entity reviewing an Affidavit of Certification from an individual claiming to be a member of a presumptively disadvantaged group, such as Black American or Native American, must have a "well founded" reason for questioning an individual's claimed group membership.

30. Ms. Martin-Arnold was again assigned as the Certification Analyst to review and evaluate Orion's DBE application.

31. Despite OMWBE and OMWBE's Representatives already having concluded that Mr. Taylor qualified as an economically and socially disadvantaged minority business

PLAINTIFF'S COMPLAINT - 5
5828502.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

owner by certifying Orion as an MBE, OMWBE and OMWBE's Representatives, acting as agents for the USDOT and the federal government, re-questioned whether Mr. Taylor was a member of the Black American and/or Native American groups.

32. Having already found Mr. Taylor to be economically and socially disadvantaged and Black, OMWBE and OMWBE's Representatives, acting as agents for the USDOT and the federal government, did not have any basis, let alone a well-founded reason for doing so.

33. OMWBE and OMWBE's Representatives, acting as agents for the USDOT and the federal government, stated they would not process Orion's DBE application until Mr. Taylor provided additional evidence to substantiate his membership in the Black American and Native American groups, a clearly arbitrary and capricious act.

34. OMWBE and OMWBE's Representatives, acting as agents for the USDOT and the federal government, again asked Mr. Taylor to provide additional narrative and documentation regarding: (1) how he held himself out to be a member of the Black American and Native American communities prior to Orion's application for DBE certification; (2) how he is regarded as a member of the Black American and Native American communities; (3) how he is individually, socially and economically disadvantaged; and (4) anything else he felt was relevant and substantiated his status as a Black American and Native American.

35. Based on a review of DBE applications Mr. Taylor received in response to his requests for documents under the Freedom of Information Act, it does not appear that OMWBE and OMWBE's Representatives, acting as agents for the USDOT and the federal government, have asked any other DBE applicants to provide this information.

36. Moreover, under 49 CFR 26.63(b)(1), Mr. Taylor did not have to demonstrate social and economic disadvantage on an individual basis until it was determined that he was not a member of a presumptively disadvantaged group.

PLAINTIFF'S COMPLAINT - 6
5828502.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

37. Thus, OMWBE and OMWBE's agents prematurely asked Mr. Taylor for information on how he was individually socially and economically disadvantaged.

38. In May 2014, Mr. Taylor timely responded to OMWBE and OMWBE's Representatives' request for additional information.

39. In June 2014, OMWBE and OMWBE's Representatives, acting as agents for the USDOT and the federal government, denied Orion DBE certification on the basis that Mr. Taylor was not a member of a minority group under the federal regulations such that he was not entitled to be presumed economically and socially disadvantaged, and found that he had not proved social and economic disadvantage on an individual basis.

**C.  The USDOT violated the Administrative Procedures Act ("APA") by declining to provide a timely decision; after Mr. Taylor brought a Petition for Writ of Mandamus, the USDOT denied his administrative appeal.**

40. In September 2014, Mr. Taylor appealed OMWBE and OMWBE's Representatives' denial of Orion's DBE certification application to the USDOT.

41. On September 29, 2014, USDOT acknowledged receipt of Orion's appeal and stated it would docket the appeal after receiving the complete administrative record.

42. The USDOT instructed Mr. Taylor to contact USDOT if six months elapsed without contact from the USDOT.

43. On October 13, 2014, USDOT received the administrative record.

44. On November 18, 2014, Mr. Taylor asked USDOT to confirm when it docketed Orion's appeal.

45. At that time, Mr. Taylor also provided USDOT with emails in which OMWBE staff acknowledged that Mr. Taylor's percentage of Native American DNA was more than ten times higher than the owner of AOR International, a company which had applied for and been

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

granted DBE certification by OMWBE based on its owner's membership in the Chickasaw Nation.

46. Mr. Taylor obtained those emails via a public records request to Washington State's Department of Transportation after OMWBE failed to produce those records in response to Mr. Taylor's earlier public records request.

47. On December 15, 2014, Mr. Taylor wrote to USDOT again regarding OMWBE and OMWBE's Representatives' wrongful denial of Orion's DBE certification.

48. On January 23, 2015, roughly four months after submitting Orion's appeal to USDOT, Mr. Taylor contacted USDOT requesting confirmation that it had received the complete administrative record of OMWBE and OMWBE's Representatives' denial of Orion's DBE certification and docketed Orion's appeal.

49. A month later, USDOT acknowledged that it had received the administrative record and docketed Orion's appeal on October 13, 2014.

50. However, USDOT did not tell Mr. Taylor when it would render a decision on Orion's appeal.

51. By April 1, 2015, nearly six months after USDOT received the administrative record for Orion's Appeal, it had still not told Mr. Taylor when it would render its decision.

52. When Mr. Taylor asked when he could expect Orion's appeal to be heard, USDOT responded that it did not know, but estimated that it was "at least 12 months away from a decision."

53. This violated 49 C.F.R. § 26.89(f)(8) which states that the policy is to make a decision within 180 days of receiving the administrative record, and if this deadline is not met, then it requires a statement of the reason for the delay and a date by which the appeal decision will be made; and no such date or statement was provided.

PLAINTIFF'S COMPLAINT - 8
5828502.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

54. On April 24, 2015, facing a situation, Mr. Taylor filed a Petition for Writ of Mandamus, Western District of Washington, Case No. C-15-5267-JRC.

55. This action was then stayed after the USDOT committed to provide a decision by December 31, 2015.

56. In a letter from the USDOT's Stephanie Jones, dated October 15, 2015, the USDOT and Ms. Jones affirmed the denial of DBE certification under 49 C.F.R. § 26.

57. In its letter, the USDOT and Ms. Jones, essentially found that Mr. Taylor is not black enough to qualify as a minority, although the statute does not provide any guidance as to specifically how much DNA a person must have before they qualify as being a person of color.

58. As of today, because of the arbitrary decisions of the USDOT, Ms. Jones, OMWBE, and OMWBE's Representatives, Mr. Taylor is considered black when he stands in a Washington state courthouse, but is not black when he stands in a Federal courthouse.

**D.     Mr. Taylor and Orion have exhausted their administrative remedies.**

59. Ms. Jones's October 15, 2015 letter, concludes by stating: "This determination is administratively final and is not subject to petitions for reconsideration."

60. As such, Mr. Taylor and Orion have exhausted their administrative remedies and turn now to the Court for relief.

## IV.  CAUSES OF ACTION

**A.     Violation of the Administrative Procedures Act, 5 U.S.C. § 706**

61. Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

62. The USDOT and Ms. Jones's upholding of OMWBE and OMWBE's Representatives' decision to deny Orion DBE certification under 49 C.F.R. § 26 should be set aside, pursuant to 5 U.S.C. § 706(2), where the decision was:

   a. Arbitrary and capricious and not in accordance with the law;

PLAINTIFF'S COMPLAINT - 9
5828502.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

b. Contrary to Mr. Taylor's constitutional rights to equal protection and due process; and

c. Made without observing the procedure required by the APA or 49 C.F.R. § 26.

63. OMWBE and OMWBE's Representatives denied Orion DBE certification based on the finding that Mr. Taylor was not a member of either the Black American or Native American groups, although OMWBE and OMWBE's Representatives had previously found Mr. Taylor to be a socially and economically disadvantaged minority based on identical evidence.

64. The USDOT and Ms. Jones upheld OMWBE and OMWBE's Representatives' denial of Orion's DBE certification application, despite OMWBE and OMWBE's Representatives having taken actions that violated the APA, including, but not limited to questioning whether Mr. Taylor was a member of the presumptively economically and socially disadvantaged Black American and Native American groups as defined by 49 C.F.R. § 26.5 without a well-founded reason for doing so.

65. USDOT and Ms. Jones continued to violate the APA by adopting OMWBE and OMWBE's Representatives determination in denying the appeal.

66. Plaintiffs have been greatly damaged and continue to be irreparably harmed by USDOT's, Ms. Jones's, OMWBE's, and OMWBE's Representatives' failure to act in accordance with their duties under the law, including but not limited to losing significant opportunities to obtain contracts as a DBE.

**B.  Discrimination under 42 U.S.C. § 1983**

67. Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

68. Mr. Taylor has a clearly established, constitutionally protected right to equal protection under the Fourteenth and Fifth Amendments to the Constitution.

PLAINTIFF'S COMPLAINT - 10
5828502.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

69. OMWBE's Representatives, while acting under the color of state law, deprived Mr. Taylor of his federal and constitutional rights to equal protection in a number of ways, including, but not limited to questioning his membership in the Black American and Native American groups without cause, determining that he was not a member of those groups, and denying Orion DBE certification.

70. In doing so, OMWBE's representatives intentionally discriminated against Mr. Taylor by treating him differently than other similarly situated DBE applicants based on his race.

71. Mr. Taylor has been damaged and continues to be irreparably harmed by OMWBE's Representatives' failure to act in accordance with their duties under the law, including but not limited to his company Orion losing significant opportunities to obtain government contracts as a DBE.

C. **Discrimination under 42 U.S.C. § 2000d**

72. Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

73. Upon information and belief, OMWBE receives federal financial assistance in connection with administering the DBE program.

74. OMWBE and OMWBE's Representatives, acting as agents for the USDOT and the federal government, evaluate Washington State firms' DBE certification applications.

75. OMWBE and OMWBE's Representatives, acting as agents for the USDOT and the federal government, intentionally discriminated against Mr. Taylor based on his race by questioning his membership in the Black American and Native American groups while evaluating Orion's DBE application without having a well-founded reason to do so, contrary to the law.

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

76. OMWBE and OMWBE's Representatives intentionally and wrongfully excluded Orion from participating in the DBE program despite Mr. Taylor meeting the definition of Black American and Native American in 49 C.F.R. § 26.5.

77. OMWBE and OMWBE's Representatives, acting as agents for the USDOT and the federal government, denied Orion DBE certification on the basis that Mr. Taylor was not a member of a presumptively socially and economically disadvantaged Black American and Native American groups.

78. In doing so, OMWBE and OMWBE's Representatives, acting as agents for the USDOT and the federal government, intentionally discriminated against Mr. Taylor on the basis of his race and/or color in violation of 42 U.S.C. § 2000d.

79. Mr. Taylor has been damaged and continues to be irreparably harmed by OMWBE and OMWBE's Representatives' failure to act in accordance with their duties under the law, including but not limited to his company Orion losing significant opportunities to obtain government contracts as a DBE.

**D.     Violation of Equal Protection under the United States Constitution**

80. Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

81. Mr. Taylor has a constitutional right to equal protection under the Fourteenth and Fifth Amendments to the United States Constitution.

82. 49 C.F.R. § 26 is facially discriminatory in that it is designed to discriminate on the basis of race.

83. The USDOT, and OMWBE, and OMWBE's Representatives, while acting as an agents for the USDOT and the federal government, violated Mr. Taylor's right to equal protection by questioning his membership in the Black American and Native American groups without cause under 49 C.F.R. § 26, arbitrarily determining that he was not a member of those

PLAINTIFF'S COMPLAINT - 12
5828502.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

groups, treating Orion's application for DBE certification differently than other, similarly situated individuals, and denying Orion DBE certification on the basis of Mr. Taylor's race and/or color.

84. Mr. Taylor has been damaged and continues to be irreparably harmed by OMWBE and USDOT's failure to act in accordance with its constitutional duties under the law, including but not limited to his company Orion losing significant opportunities to obtain government contracts as a DBE.

**E.      Violations of Washington State Statutory and Constitutional law.**

85. Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

86. OMWBE and OMWBE's Representatives' unlawful discrimination against Mr. Taylor on the basis of his race violates Washington's Law Against Discrimination, RCW 49, *et seq.,* and Article 1, Section 12 of Washington State's Constitution.

87. Mr. Taylor has been damaged and continues to be irreparably harmed by OMWBE and OMWBE's Representatives' failure to act in accordance with their duties under the law, including but not limited to his company Orion losing significant opportunities to obtain government contracts as a DBE.

**F.      The definitions in 49 C.F.R. § 26.5 and through that title are impermissibly vague such that they do not provide guidance and result in arbitrary and capricious decisions.**

88. Plaintiffs re-allege all prior paragraphs as though fully set forth herein.

89. The definition of "Black Americans," in 49 C.F.R. § 26.5, "includes persons having origins in any of the Black racial groups of Africa."

90. The definition does not provide any minimum percentage of DNA, or other objective criterion, to qualify a person as black.

PLAINTIFF'S COMPLAINT - 13
5828502.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91. As to the definition of "Black American" in 49 C.F.R. § 26.5, people of common intelligence must necessarily guess at its meaning and differ as to its application.

92. At the time of Orion's application, 49 C.F.R. § 26.5 defined Native Americans as those "persons who are American Indians, Eskimos, Aleuts, or Native Hawaiians."

93. The definition does not provide any minimum percentage of DNA, or other objective criterion, to qualify a person as Native American.

94. After Mr. Taylor and Orion submitted an application for DBE certification, the definition of "Native Americans," in 49 C.F.R. § 26.5 was changed to include "persons who are enrolled members of a federally or State recognized Indian tribe, Alaska Natives, or Native Hawaiians."

95. This definition is also arbitrary, because a person with 99% Native American DNA that is not a member of a tribe is now not considered a Native American, but someone with a fraction of 1% Native American DNA that is a member of a tribe is considered a Native American.

96. Mr. Taylor has 12% Native American DNA, but has been denied certification, while he is aware of an individual with less than 1% Native American DNA that has been certified.

97. Statutes that are so vague that individual persons in an agency are left to guess in an ad hoc basis as whether each individual is a minority or not are void for vagueness, and the decisions that result are to arbitrary and capricious to be enforced.

## V.  PRAYER FOR RELIEF

WHEREFORE, in view of the facts and authority presented herein, and to be presented, Plaintiffs Ralph Taylor and Orion Insurance Group respectfully pray that Defendants be cited to appear herein and that upon due consideration, the Court enter an order:

PLAINTIFF'S COMPLAINT - 14
5828502.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1. Entering Judgment in favor of Plaintiffs for all damages and relief sought;

2. Reversing the decisions of the USDOT, Ms. Jones, and OMWBE, and OMWBE's Representatives, acting as agents for the USDOT and issuing an injunction and/or declaratory relief requiring Orion to be certified as a DBE under 49 C.F.R. § 26;

3. Declaring the definitions of "Black American" and "Native American" in 49 C.F.R. § 26.5 to be void as impermissibly vague;

4. Awarding Plaintiffs their reasonable attorneys' fees and costs; and

5. Granting such other and further relief as the Court deems just and equitable.

DATED this 1st day of July, 2016.

LEE SMART, P.S., INC.


By:  /s Joel E. Wright
     Joel Wright, WSBA No. 8625
     Marc Rosenberg, WSBA No. 31034
     Of Attorneys for Plaintiffs
     Ralph Taylor and Orion Insurance Group

     1800 One Convention Place
     701 Pike Street
     Seattle, WA 98101
     (206) 624-7990
     jw@leesmart.com

PLAINTIFF'S COMPLAINT - 15
5828502.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# CERTIFICATION

STATE OF WASHINGTON )
                              ) ss
COUNTY OF KING        )

Ralph G. Taylor, being first duly sworn on oath, deposes and says:

I am a plaintiff in the above action and principal of Orion Insurance Group. I have read the foregoing Plaintiff's Complaint, know the contents thereof, and believe the same to be true and accurate to the best of my belief.

_____
Ralph G. Taylor

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2016.

_____
Notary Public in and for the State
of Washington, residing at _____
My commission expires: _____

PLAINTIFF'S COMPLAINT - 16
5828502.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944