1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11    ORION INSURANCE GROUP, a
      Washington Corporation; RALPH G.

12    TAYLOR, an individual,

13                        Plaintiffs,

14            v.

15    WASHINGTON STATE OFFICE OF
      MINORITY & WOMEN'S BUSINESS

16    ENTERPRISES; EDWINA MARTIN-
      ARNOLD; DEBBIE MCVICKER;

17    PAMELA SMITH; SARAH ERDMANN;
      STACEY SAUNDERS, individuals, and

18    UNITED STATES DEPARTMENT OF
      TRANSPORTATION, and STEPHANIE

19    JONES, an individual,

20                        Defendants.

CASE NO. 16-5582 RJB

ORDER ON PARTIAL MOTION TO
DISMISS

21        This matter comes before the Court on Defendants' United States Department of

22   Transportation ("USDOT") and Stephanie Jones's, Acting Director of the USDOT's Office of

23   Civil Rights, Partial Motion to Dismiss (Dkt. 34), Plaintiffs' Motion to Strike (Dkt. 41) and

24

ORDER ON PARTIAL MOTION TO DISMISS- 1

1    Plaintiffs' Motion to Amend (Dkt. 37).  The Court has considered the pleadings filed in support

2    of and in opposition to the motions and the file herein.

3         Plaintiffs filed this case alleging violations of federal and state law due to the denial of

4    their application to be considered a disadvantaged business enterprise ("DBE") under federal

5    law.  Dkt. 1.  The USDOT and Acting Director Jones (collectively the "Federal Defendants")

6    move for a partial summary dismissal of the claims asserted against them.  Dkt. 34.  For the

7    reasons provided, the motion (Dkt. 34) should be granted, in part, and denied, in part.

8                              **I.     FACTS**

9         According to Plaintiffs' Amended Complaint, Orion Insurance Group ("Orion") is a

10   Washington corporation owned by Ralph Taylor.  Dkt. 2, at 2.  Mr. Taylor submitted an

11   application to Washington State's Office of Minority & Women's Business Enterprises

12   ("OMWBE"), seeking to have Orion certified as a minority business enterprise under

13   Washington State law.  *Id.*, at 3.  In the application, Mr. Taylor identified himself as black.  *Id.*

14   His application was initially rejected, but after appealing the decision, OMWBE voluntarily

15   reversed their decision and certified Orion as a minority business enterprise under Washington

16   Administrative Code ("WAC") 326 and other Washington laws.  *Id.,* at 3-4.

17        After March of 2014, Plaintiffs allege that Mr. Taylor submitted, to OMWBE, Orion's

18   application for DBE certification under federal law.  Dkt. 2, at 4.  The Amended Complaint

19   asserts that OMWBE and its employees, "act as an agent for [USDOT] and federal government

20   by also accepting and determining applications for the parallel federal designation for [DBE]

21   certification under 49 C.F.R. § 26."  *Id.*  Plaintiffs allege that "in accordance with the definitions

22   set forth in 49 C.F.R. § 26.5, Mr. Taylor identified himself as Black American and Native

23   American in the Affidavit of Certification" submitted with the application.  *Id.*, at 5.  Plaintiffs

24

assert that OMWBE improperly requested Mr. Taylor provide an additional narrative and further documentation.  *Id.,* at 6.  Plaintiffs assert that other applicants were not required to provide the additional information.  *Id.*  Mr. Taylor responded to the request.  *Id.*  In June of 2014, Orion's DBE application was denied "on the basis that Mr. Taylor was not a member of a minority group under the federal regulations such that he was not entitled to be presumed economically and socially disadvantaged."  *Id.,* at 7.  Further, Plaintiffs assert that OMWBE found that he "had not proved social and economic disadvantage on an individual basis."  *Id.*

The Amended Complaint alleges that in September 2014, Mr. Taylor appealed the denial of the DBE certification to the USDOT.  Dkt. 2, at 7.  Plaintiffs assert that on September 29, 2014, "USDOT acknowledged receipt of Orion's appeal and stated that it would docket the appeal after receiving the complete administrative record."  *Id.*  On October 13, 2014, USDOT received the administrative record.  *Id.*  After three requests by Plaintiffs to docket the appeal, in February of 2015, the USDOT acknowledged that it had received the administrative record and docketed Orion's appeal.  *Id.*

According to the Amended Complaint, on April 24, 2015, Plaintiffs filed a Petition for Writ of Mandamus in the Western District of Washington, case number 15-5267 JRC, in an effort to get the USDOT to make a decision.  Dkt. 2, at 9.  That case was stayed after the USDOT committed to providing a decision by December 2015.  *Id.*  Plaintiffs allege that on October 15, 2015, the USDOT affirmed the denial of Orion's DBE certification in a letter signed by Acting Director Jones.  Dkt. 2, at 9.

Plaintiffs assert claims for (A) violation of the Administrative Procedures Act, 5 U.S.C. § 706, (B) "Discrimination under 42 U.S.C. § 1983" (reference is made to Equal Protection), (C) "Discrimination under 42 U.S.C. § 2000d," (D) violation of Equal Protection under the United

1  States Constitution, (E) violation of the Washington Law Against Discrimination and Article 1,

2  Sec. 12 of the Washington State Constitution, and that (F) the definitions in 49 C.F.R. § 26.5 are

3  void for vagueness.  Dkt. 2.  Plaintiffs seek damages, injunctive relief: ("[r]eversing the decisions

4  of the USDOT, Ms. Jones and OMWBE, and OMWBE's representatives . . . and issuing an

5  injunction and/or declaratory relief requiring Orion to be certified as a DBE," and a declaration

6  the "definitions of 'Black American' and Native American' in 49 C.F.R. § 26.5 to be void as

7  impermissibly vague,") and attorneys' fees and costs.  *Id.*

8      The Federal Defendants now move to dismiss claims asserted against Acting Director

9  Jones in her individual capacity, arguing that the Court does not have personal jurisdiction over

10  her.  Dkts. 34 and 42.  They also move for dismissal of Plaintiffs' claims for "discrimination

11  under 42 U.S.C. § 1983," "discrimination under 42 U.S.C. § 2000d," violation of Equal

12  Protection under the United States Constitution, and for violations of the WLAD and Article 1,

13  Sec. 12 of the Washington State Constitution.  *Id.*  The Federal Defendants argue that this is an

14  improper venue for the claims asserted against Acting Director Jones in her individual capacity.

15  *Id.*

16      Plaintiffs respond and oppose the motion.  Dkt. 37.  The State Defendants do not object

17  to the Federal Defendants' motion to dismiss.  Dkt. 40.  They also argue that the claims under the

18  Washington State Constitution should be dismissed because Washington does not recognize a

19  cause of action under the state constitution.  *Id.*

20      Plaintiffs file a surreply, seeking to strike the State Defendants' argument regarding the

21  viability of a Washington State Constitution claim because it was raised for the first time in a

22  response.  Dkt. 41.

23

24

ORDER ON PARTIAL MOTION TO DISMISS- 4

1   This opinion will first consider the Plaintiffs' motion to strike, and then the Federal

2   Defendants' partial motion to dismiss.

3   ## II.   DISCUSSION

4   ### A. PLAINTIFFS' MOTION TO STRIKE

5   Plaintiffs' motion to strike the State Defendants' motion to dismiss claims under the state

6   constitution (Dkt. 41) should be granted.  The Court is mindful that "Washington courts have

7   consistently rejected invitations to establish a cause of action for damages based upon

8   constitutional violations without the aid of augmentative legislation." *Blinka v. Washington State*

9   *Bar Association,* 109 Wash.App. 575 (2001); *Reid v. Pierce County,* 136 Wash.2d 195 (1998).

10  The parties have not had an opportunity to fully brief the question, but the issue may be raised by

11  an appropriate motion.

12  ### B. FEDERAL DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

13

14  Fed. R. Civ. P. 12(b)(2) provides that a complaint shall be dismissed for lack of personal

    jurisdiction over a defendant.  *Boschetto v. Hansing,* 539 F.3d 1011 (9th Cir 2008).  "In

15  opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears

16  the burden of establishing that jurisdiction is proper."  *Boschetto,* at 1015 (*citing Sher v.*

17  *Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990)).

18  "Where, as here, there is no applicable federal statute governing personal jurisdiction, the

19  district court applies the law of the state in which the district court sits."  *Schwarzenegger v.*

20  *Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir.2004)(*citing* Fed.R.Civ.P. 4(k)(1)(A);

21  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998)).  Washington's long-arm

22  jurisdictional statutes, RCW 4.28.185 and RCW 4.28.080, are coextensive with federal

23  constitutional due process requirements.  *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d

24

848, 850-851 (9th Cir. 1993).  Accordingly, "the jurisdictional analyses under state law and federal due process are the same."  *Schwarzenegger,* at 800 (*internal citations omitted*).

Under the due process clause, "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  *Id.* (*quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant-general jurisdiction and specific jurisdiction."  *Boschetto,* at 1016.

Plaintiffs argue that they would need to conduct discovery to determine whether the Court has general jurisdiction over Acting Director Jones.  Dkt 37.  According to Defendants, Acting Director Jones lives and works in the Washington D.C. area.  Plaintiffs have not made any showing that discovery should be conducted regarding whether the Court has general jurisdiction over Acting Director Jones.  "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the court need not permit even limited discovery."  *Pebble Beach Co v. Caddy,* 453 F.3d 1151, 1160 (9th Cir. 2006).

Plaintiffs also argue that the Court has specific jurisdiction over Acting Director Jones, in her individual capacity.  Dkt. 37.  A three-part test is applied to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto,* at 1016 (*internal quotations and citations omitted*).  Plaintiff bears the burden on the first two prongs.  *Id.*  "If the plaintiff establishes both prongs one and two, the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

Under the first prong of the specific personal jurisdictional test, the analysis is divided into two sections:  purposeful direction and purposeful availment.  *Schwarzenegger,* at 802.  "A purposeful direction analysis is most often used in suits sounding in tort and a purposeful availment analysis is most often used in suits sounding in contract."  *Id.*

"A showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Schwarzenegger,* at 802.  "[D]ue process permits the exercise of personal jurisdiction over a defendant who purposefully directs his activities at residents of a forum, even in the absence of physical contacts with the forum."  *Id.*, at 803 (*internal quotations omitted*).  Under the "purposeful availment" portion of the test, the plaintiff must show "that a defendant purposefully availed himself of the privilege of doing business in a forum state" which "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there."  *Schwarzenegger,* at 802.

To the extent that Plaintiffs' assert the Acting Director Jones was acting in her individual capacity when she made the decision to deny Orion's DBE certification, Plaintiffs' fail to show that Acting Director Jones purposefully directed her activities to Washington state or that she purposefully availed herself of the privilege of doing business in Washington.  They have failed

ORDER ON PARTIAL MOTION TO DISMISS- 7

1   to carry their burden to show that the Court has personal jurisdiction over her in her individual

2   capacity.  They have "failed to allege sufficient minimum contacts with the state of Washington

3   sufficient to satisfy the traditional notions of fair play and substantial justice required by

4   *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) and the Washington long-arm

5   statute."  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1459 (9th Cir. 1985).  This Court does not have

6   personal jurisdiction over her in her individual capacity.

7       In light of this ruling, the Court need not reach whether the claims against her in her

8   individual capacity should also be dismissed for improper venue.  Further, even if they had

9   established that the Court has personal jurisdiction over her in her individual capacity or that this

10   was the proper venue for such claims, Plaintiffs have failed to state claims against her in her

11   individual capacity, and those claims should be dismissed as more fully described below in

12   Sections D and E.

13   **C.  MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) STANDARD**

14       Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

15   legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri*

16   *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

17   as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

18   1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

19   need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

20   to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

21   a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

22   (2007)(*internal citations omitted*).  "Factual allegations must be enough to raise a right to relief

23   above the speculative level, on the assumption that all the allegations in the complaint are true

24

1    (even if doubtful in fact)." *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to

2    relief that is plausible on its face." *Id*. at 1974.

3    **D.  CLAIMS UNDER 42 U.S.C. §1983 AGAINST FEDERAL DEFENDANTS**

4          In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct

5    complained of was committed by a person acting under color of state law, and that (2) the

6    conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws

7    of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

8    *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an

9    alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350,

10   1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  To state a civil rights claim, a plaintiff

11   must set forth the specific factual bases upon which he claims each defendant is liable.  *Aldabe v.*

12   *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Vague and conclusory allegations of official

13   participation in a civil rights violations are not sufficient to support a claim under § 1983.  *Ivey v.*

14   *Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

15         To the extent Plaintiffs make claims against the Federal Defendants under 42 U.S.C. § 1983,

16   the claims should be dismissed.  "[B]y its very terms, § 1983 precludes liability in federal

17   government actors."  *Morse v. N. Coast Opportunities, Inc*., 118 F.3d 1338, 1343 (9th Cir.

18   1997)(noting that conduct complained of must be by a person acting under the color of **state**

19   law)(*emphasis added*).  Further, to the extent Plaintiffs intend to premise the Federal Defendants'

20   liability on an agency theory, that theory is foreclosed.  *Ashcroft v. Iqbal,* 556 U.S. 662, 676

21   (2009(vicarious liability inapplicable for *Bivens* and § 1983 claims).  Plaintiffs appear to be

22   conflating the § 1983 claims made against the State Defendants and the law potentially

23   applicable to them (*Monell* etc.), and the law applicable to the Federal Defendants.  There is no

24

1  motion regarding the § 1983 claims against the State Defendants pending before the Court at this

2  time.  The § 1983 claims asserted against the Federal Defendants, however, should be dismissed.

3  **E.  MONETARY AND NON-MONETARY RELIEF CLAIMS AGAINST THE FEDERAL DEFENDANTS AND SOVEREIGN IMMUNITY**

4  The United States, as sovereign, is immune from suit unless it consents to be sued. *See*

5  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107

6  (9th Cir. 1995). If a claim does not fall squarely within the strict terms of a waiver of sovereign

7  immunity, a district court is without subject matter jurisdiction. *See, e.g., Mundy v. United States*,

8  983 F.2d 950, 952 (9th Cir. 1993).  "Where a suit has not been consented to by the United States,

9  dismissal of the action is required."  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

10  Plaintiffs have the burden of establishing that their "action falls within an unequivocally

11  expressed waiver of sovereign immunity by Congress."  *Dunn & Black, P.S. v. United States*,

12  492 F.3d 1084, 1088 (9th Cir. 2007).

13      1.   Claims for Monetary Relief Against the United States and Acting Director Jones in her Official Capacity

14   

15  The Federal Defendants' partial motion to dismiss Plaintiffs' claims for monetary damages

16  against the United States and against Acting Director Jones, in her official capacity, should be

17  granted.  Plaintiffs make no showing that the United States has waived its sovereign immunity on

18  their claims for monetary damages for the violation of the Equal Protection clause under the

19  United States Constitution, 42 U.S.C. § 2000d, the Washington Law Against Discrimination or

20  the Washington Constitution such that this Court has jurisdiction over these claims.  Any waiver

21  of sovereign immunity "must be unequivocally expressed in statutory text."  *Munns v. Kerry*,

22  782 F.3d 402, 412 (9th Cir. 2015)(*internal citations and quotations omitted*) (affirming

23  dismissal, based on sovereign immunity, of monetary claims for relief for violations of the due

24   

1    process clause, takings clause of the U.S. Constitution, failure to pay back pay and other benefits

2    asserted against the United States).  Plaintiffs point to no such waiver.  Further, "[a]n action

3    against an officer, operating in his or her official capacity as a United States agent, [like Ms.

4    Jones here] operates as a claim against the United States."  *Solida v. McKelvey*, 820 F.3d 1090,

5    1095 (9th Cir. 2016).  The monetary claims for violation of the Equal Protection clause, 42

6    U.S.C. § 2000d, the WLAD, and the Washington Constitution asserted against the United States

7    and Acting Director Jones should be dismissed.

8        Plaintiffs' reference to *Adarand Constructors, Inc. v. Pena,* 515 U.S. 200, 236 (1995) is not

9    helpful.  The plaintiff in that case sought only "forward looking relief," that is non-monetary

10   injunctive relief.  *Id.*  The Court there specifically stated that it "expressed no view" on whether

11   sovereign immunity would bar a monetary damages claim - presumably because the question

12   was not before the court.  *Id.,* at 210.

13       Plaintiffs refer to the Federal Torts Claims Act, 28 U.S.C. § 2674 ("FTCA").  Dkt. 37, at 18.

14   This is also not helpful to them.  "The FTCA requires, as a prerequisite for federal court

15   jurisdiction, that a claimant first provide written notification of the incident giving rise to the

16   injury, accompanied by a claim for money damages to the federal agency responsible for the

17   injury."  *Munns,* at 413 (citing 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(b) and *Johnson v. United*

18   *States*, 704 F.2d 1431, 1442 (9th Cir.1983) ("Exhaustion of the claims procedures established

19   under the Act is a prerequisite to district court jurisdiction.").  Plaintiffs here "have not alleged or

20   provided evidence that they have exhausted their administrative remedies under the FTCA, so

21   they cannot rely on that statute's waiver of sovereign immunity for jurisdiction." *Id.*

22       Plaintiffs cite no authority to support their theory that the government's decision to intervene

23   in another case involving some of the claims raised here mean that the government has waived

24

1  sovereign immunity in this case.  Further, Plaintiffs make no reasonable argument that Acting

2  Director Jones acted *ultra vires* in denying their application.

3      The motion to dismiss the monetary relief sought against the Federal Defendants for

4  violations of  the Equal Protection clause under the United States Constitution, 42 U.S.C. §

5  2000d, the Washington Law Against Discrimination or the Washington Constitution should be

6  granted.

7              2.  <u>Claims for Non-Monetary Relief Against the United States and Acting
                   Director Jones in her Official Capacity</u>

8

9      To the extent that the United States and Acting Director Jones, in her official capacity, move

10  for dismissal of Plaintiffs' claims for non-monetary relief, based on sovereign immunity, the

11  motion should be denied.

12      Under the APA, the government has waived sovereign immunity for claims for equitable

13  relief.  *See* 5 U.S.C. § 702 ("An action in a court of the United States seeking relief other than

14  money damages and stating a claim that an agency or an officer or employee thereof acted or

15  failed to act in an official capacity or under color of legal authority shall not be dismissed nor

16  relief therein be denied on the ground that it is against the United States....").  Section 702 "is an

17  unqualified waiver of sovereign immunity in actions seeking nonmonetary relief against legal

18  wrongs for which governmental agencies are accountable." *The Presbyterian Church (U.S.A.) v.*

19  *United States*, 870 F.2d 518, 525 (9th Cir. 1989).  In *The Presbyterian Church*, the Ninth Circuit

20  noted that this was a sweeping waiver and that Congress stated in passing the most recent version

21  of §702 that it was time to "eliminate the sovereign immunity defense in all equitable actions for

22  specific relief against a Federal agency or officer acting in an official capacity." *Id.*  The Federal

23  Defendants' motion to dismiss Plaintiffs' claims for equitable relief sought against the United

24  States and Acting Director Jones, in her official capacity, should be denied.

3. <u>Claims for Monetary Relief Against Acting Director Jones in her Individual Capacity</u>

To the extent that Plaintiffs assert a claim for monetary damages against Acting Director Jones, in her individual capacity, the claim should be dismissed because there is no showing that an implied private right of action against a federal officer for damages is appropriate here.

In *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics,* 403 U.S. 388 (1971), the "Supreme Court provided a judicially-created cause of action for damages arising out of constitutional violations by federal officers, holding that 'petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Fourth Amendment.'" *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016). "The Court explained that the remedy filled a gap in cases where sovereign immunity bars a damages action against the United States." *Id.* The Supreme Court has extended the *Bivens* holding in only two other cases: in *Davis v. Passman*, 442 U.S. 228 (1979), the Court permitted a political appointee to bring a claim for sex-discrimination "against a congressman, despite the absence of such a remedy in Title VII of the Civil Rights Act of 1964, because there was no evidence that Congress intended to prevent political appointees from seeking relief under a judicially created remedy." *Western Radio Services Co. v. U.S. Forest Service,* 578 F.3d 1116, 1119 (2009). Likewise, in *Carlson v. Green*, 446 U.S. 14 (1980), "the Court allowed a prisoner's action against prison officials for failure to provide proper medical attention in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, notwithstanding the availability of a remedy under the FTCA, because there was evidence that Congress did not intend the FTCA to be a substitute for recovery under *Bivens*." *Id.*

Since *Carlson,* the Supreme Court has not extended *Bivens,* however. *Id.* It did not permit a *Bivens* remedy for claims for violations of federal employees' First Amendment rights

1   by their employers, *Bush v. Lucas*, 462 U.S. 367 (1983); harms suffered incident to military

2   service, *United States v. Stanley*, 483 U.S. 669 (1987); denials of Social Security benefits,

3   *Schweiker v. Chilicky*, 487 U.S. 412 (1988); decisions by federal agencies, *FDIC v. Meyer*, 510

4   U.S. 471 (1994); actions by private corporations operating under federal contracts, *Corr. Servs.*

5   *Corp. v. Malesko*, 534 U.S. 61 (2001); retaliation by federal officials against private landowners,

6   *Wilkie v. Robbins*, 551 U.S. (2007); or Eighth Amendment claims against private contractors

7   hired to administer public prisons, *Minneci v. Pollard*, 132 S.Ct. 617 (2012). *Mirmehdi v. United*

8   *States*, 689 F.3d 975, 980–81 (9th Cir. 2012).

9          In order to determine whether a *Bivens* remedy (that is a damage claim against a federal

10  officer) is appropriate, the courts use a two-step analysis:  (1) the "court determines whether

11  there is 'any alternative, existing process for protecting' the plaintiff's interests;" and if there is

12  no such "statutory remedial scheme to take the place of a judge-made remedy," (2) the court

13  "next asks whether there nevertheless are 'factors counseling hesitation' before devising such an

14  implied right of action." *Western Radio,* at 1120 (*quoting Wilkie,* at 550).

15         As to the first step, the APA provides an "alternative, existing process for protecting the

16  plaintiff's interests here, raising the inference that Congress "expected the Judiciary to stay its

17  *Bivens* hand." *Western Radio,* at 1122 (*quoting Wilkie,* at 550).  The core of Plaintiffs'

18  complaint is an unfavorable agency decision.  As noted in *Western Radio,* "[t]he APA expressly

19  declares itself to be a comprehensive remedial scheme: it states that a 'person suffering legal

20  wrong because of agency action, or adversely affected or aggrieved by agency action within the

21  meaning of a relevant statute, is entitled to judicial review,' and then sets forth the procedures for

22  such review." *Id.* (*quoting* 5 U.S.C. § 702 *and citing* §§ 704, 706). The APA allows "any person

23  'adversely affected or aggrieved' by agency action to obtain judicial review thereof, so long as

24

the decision challenged represents a 'final agency action for which there is no other adequate remedy in a court.'" *Id.* (*quoting Webster v. Doe*, 486 U.S. 592, 599, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988) (*quoting* 5 U.S.C. §§ 701–06)).   Under the APA, a court is authorized to:

> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be ... (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; [or] (B) contrary to constitutional right, power, privilege, or immunity....

*Id.* (*quoting* 5 U.S.C. § 706(1)-(2)). "The APA's comprehensive provisions provide the backup or default remedies for all interactions between individuals and all federal agencies." *Id.,* at 1123.  "The fact that APA's procedures are available where no other adequate alternative remedy exists further indicates Congress's intent that courts should not devise additional, judicially crafted default remedies." *Id.*  While the APA does not provide for monetary damages, does not allow claims against individuals, or right to a trial by jury, "remedial schemes lacking such features may be adequate alternatives, provided that the absence of such procedural protections was not inadvertent on the part of Congress." *Id.*  The Ninth Circuit concluded "that the design of the APA raises the inference that Congress expected the Judiciary to stay its *Bivens* hand and provides a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id.*  Accordingly, it held that "the APA leaves no room for *Bivens* claims based on agency action or inaction." *Id.*

In light of the Ninth Circuit holding in *Western Radio*, the Plaintiffs' claims against Acting Director Jones in her individual capacity for damages should be dismissed because the APA provides an alternative, existing process for protecting the plaintiff's interests.  As such, the Court need not consider the second factor under *Wilkie*, whether there are other "factors counseling hesitation." *See Western Radio,* at 1120.

1

        4.   <u>Claims for Non-Monetary Relief from Acting Director Jones in her Individual Capacity</u>

2

       To the extent that Plaintiffs seek non-monetary relief from Acting Director Jones, in her

3

individual capacity, they make no showing that she can afford them such relief.  Plaintiffs make

4

no showing that Ms. Jones, as an individual, has the authority to certify Orion as a DBE under

5

federal law, to declare definitions in 49 C.F.R. 26.5 as "impermissibly vague," or provide them

6

other equitable relief.  *Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016).  Only the Court

7

or the United States - through its officers – has the power to take the action that Plaintiffs seek.

8

*Id*.

9

   F.  **CLAIMS FOR VIOLATIONS OF THE EQUAL PROTECTION CLAUSE**
        **ASSERTED AGAINST THE UNITED STATES FOR EQUITABLE RELIEF**

10

11

       Insofar as Plaintiffs seek equitable relief against the United States for violation of the equal

12

protection clause of the United States Constitution, the motion to dismiss should be denied.  The

13

Federal Defendants do not advance any other basis for dismissal of Plaintiff's claim for equitable

14

relief for violation of the equal protection clause under the United States Constitution.

15

   **G.  CLAIMS FOR VIOLATIONS OF 42 U.S.C. § 2000d AGAINST THE UNITED**
        **STATES FOR EQUITABLE RELIEF**

16

17

       Under 42 U.S.C. § 2000d, "[n]o person in the United States shall, on the grounds of race,

18

color, or national origin, be excluded from participation in, be denied the benefits of, or be

19

subjected to discrimination under any program or activity receiving Federal financial assistance."

20

Under 2000d-4a, a "program or activity" and "program" is defined generally as (1) an

21

instrumentality of state or local government, including "the entity of such State or local

22

government that distributes such assistance and each such department or agency (and each other

23

State or local government entity) to which the assistance is extended, in the case of assistance to

24

ORDER ON PARTIAL MOTION TO DISMISS- 16

1  a State or local government," (2) an educational institution, or (3) a corporation, partnership or

2  private organization.  A private right of action exists under Section 2000d where "(1) the entity

3  involved is engaging in racial discrimination; and (2) the entity involved is receiving federal

4  financial assistance." *Fobbs v. Holy Cross Health Systems,* 29 F.3d 1439, 1447 (9th Cir.

5  2001)(*overruled on other* grounds).

6      In addition to asserting sovereign immunity against claims for damages for violations of §

7  2000d, the Federal Defendants argue that Plaintiffs' claim asserted against the United States

8  should be dismissed because the United States' DBE program is not a "program or activity"

9  receiving federal financial assistance within the meaning of the statute.  Dkt. 34.  The Federal

10  Defendants' motion to dismiss the § 2000d claim asserted against them (Dkt. 34) should be

11  granted.  The plain language of the statute provides that the program or activity must be in

12  connection with an instrumentality of state or local government.  Plaintiffs' claims against the

13  Federal Defendants arise under a program of the federal government, and the final decision of

14  which Plaintiffs complain was rendered by the federal government.

15      Plaintiffs' reference to the claims made in the U.S. District Court in *Adarand Constructors,*

16  and not addressed by either the U.S. Supreme Court or the Tenth Circuit Court of Appeals is not

17  helpful.  Dkt. 37.  As is Plaintiffs' supposition that "[i]f the DBE program was not a program,

18  this surely would have been raised before the matter went to the U.S. Supreme Court."  *Id.*  This

19  claim should be dismissed.

20  **H.  CLAIMS FOR VIOLATIONS OF WASHINGTON LAW AGAINST**
    **DISCRIMINATION AND THE WASHINGTON CONSTITUTION AGAINST**
21  **THE UNITED STATES**

22      Plaintiffs' claims against the United States for violation of the Washington State Constitution

23  or the WLAD should be dismissed.  Plaintiffs failed to show that the United States waived

24

sovereign immunity for these damages on these claims.  Further, Plaintiffs make no showing that the non-monetary relief they seek (a declaration that Orion is a DBE under federal law or that the definitions in 49 C.F.R. 26.5 are "impermissibly vague") is available under the WLAD and/or the Washington Constitution.  These claims asserted against the United States should be dismissed.

## I.   CONCLUSION ON MOTION TO DISMISS

The Federal Defendants' Partial Motion to Dismiss should be granted as to: (1) the claims asserted against Acting Director Jones, in her individual capacity, for lack of personal jurisdiction and for failure to state a claim, (2) the claims for monetary relief against the United States, and Acting Director Jones, in her official capacity, for violations of the Equal Protection Clause of the United States Constitution, 42 U.S.C. § 2000d, the Washington Law Against Discrimination, and the Washington Constitution, and (3) the claims for equitable relief asserted against the United States and Acting Director Jones, in her official capacity, for violations of 42 U.S.C. § 2000d, the Washington Law Against Discrimination, and the Washington Constitution.

Plaintiffs remaining claims against the United States and Acting Director Jones, in her official capacity, are for equitable relief for violation of the Equal Protection Clause of the United States Constitution and for violation of the APA.  (The APA claim was not the subject of this motion).

## F.   MOTION TO AMEND

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  A motion to amend under Rule 15(a)(2), "generally shall be denied only

1    upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party."

2    *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, (9th Cir. 2011).

3        Plaintiffs, in their Response, request leave to amend, "to the extent that the court finds any

4    deficiencies in the pleadings that can be cured by amendment." Dkt. 37.  The claims dismissed

5    by this order cannot be cured by amendment, so to the extent Plaintiffs seek to leave to amend to

6    plead these claims again, the motion should be denied.

7        Plaintiffs also state that they seek to add additional claims.  Dkt. 37.  It is not clear what

8    claims or against whom the Plaintiffs intend to add by amendment.  Plaintiffs' motion should be

9    denied without prejudice, to be re-filed in accord with the Federal and Local Civil Rules

10   (including filing a draft copy of the proposed amended complaint), to give all parties notice of

11   the proposed amendments and a chance to be heard.

12                                   **III.    ORDER**

13       Therefore, it is hereby **ORDERED** that:

14       • Plaintiffs' Motion to Strike (Dkt. 41) **IS GRANTED**; and

15       • Defendants' United States Department of Transportation and Acting Director

16         Stephanie Jones's Partial Motion to Dismiss (Dkt. 34) **IS:**

17            o **GRANTED** as to: (1) the claims asserted against Acting Director Jones, in

18               her individual capacity for lack of personal jurisdiction and failure to state

19               a claim, (2) the claims for monetary relief against the United States, and

20               Acting Director Jones, in her official capacity, for claims for violations of

21               the Equal Protection Clause of the United States Constitution, 42 U.S.C. §

22               2000d, the Washington Law Against Discrimination, and the Washington

23               Constitution for failure to state a claim, (3) the claims for equitable relief

24

1  asserted against the United States and Acting Director Jones, in her

2  official capacity, for violations of 42 U.S.C. § 2000d, the Washington Law

3  Against Discrimination, and the Washington Constitution for failure to

4  state a claim, and

5  o **DENIED** as to the motion to dismiss Plaintiffs' claims against the United

6  States and Acting Director Jones, in her official capacity, for equitable

7  relief for violation of the Equal Protection Clause of the United States

8  Constitution; and

9  o Plaintiffs' Motion to Amend (Dkt. 37) **IS DENIED WITH PREJUDICE,**

10  as to the claims dismissed by this Order, **and DENIEDWITHOUT**

11  **PREJUDICE,** as to the remainder of the motion to amend.

12  The Clerk is directed to send uncertified copies of this Order to all counsel of record and

13  to any party appearing *pro se* at said party's last known address.

14  Dated this 17th day of November, 2016.

15

16

17  ROBERT J. BRYAN
United States District Judge

18

19

20

21

22

23

24